HODA KATEBI (SBN# 352676)
HAROLD LICHTEN (*pro hac vice*)
OLENA SAVYTSKA (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hkatebi@llrlaw.com
hlichten@llrlaw.com
osavytska@llrlaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

SALVADOR RUVALCABA, JUAN SANCHEZ, HECTOR MUNOZ, JOSE ROMERO, VICTOR ZAVALZA, JOSE CORONA, MARTIN BERNAL, JESUS LOPEZ, ERMINIA VALDEZ, AURELIANO ARELLANO, LUIS ROLDAN, OSCAR RAMIREZ, JOSE FIERRO, JAIME MEZA, JESUS DUENAS, BRYAN DIAZ, ALEJANDRO CEDILLO, DOMINGO GANDARILLA, LUIS CALDERON, MIGUEL RUIZ, MAYNOR DUENAS, ENRIQUE YANEZ, MARCO MARTINEZ, and JOSE SEPULVEDA, on behalf of themselves, and on behalf of all persons similarly situated,

Plaintiffs,

v.

PILOT AIR FREIGHT, LLC and A.P. MOLLER-MAERSK,

Defendants.

Case No. 5:25-cv-02904

**SECOND AMENDED CLASS ACTION COMPLAINT**

**1. Wage Deductions**
**2. Expense Deductions**
**3. Failing to Provide Meal Periods**
**4. Failing to Provide Rest Periods**
**5. Failure to Pay All Wages**
**6. PAGA Penalties**
**7. Misclassification of Employees**
**8. Inaccurate Wage Statements**

## I. INTRODUCTION

1. Plaintiff Salvador Ruvalcaba, Juan Sanchez, Hector Munoz, Jose Romero, Victor Zavalza, Jose Corona, Martin Bernal, Jesus Lopez, Erminia Valdez, Aureliano Arellano, Luis Roldan, Oscar Ramirez, Jose Fierro, Jaime Meza, Jesus Duenas, Bryan Diaz, Alejandro Cedillo, Domingo Gandarilla, Luis Calderon, Miguel Ruiz, Maynor Duenas, Enrique Yanez, Marco Martinez, and Jose Sepulveda ("Plaintiffs"), on behalf of themselves and all other similarly situated individuals, allege on information and belief, except their own acts and knowledge, the following:

## II. PARTIES

2. Pilot Air Freight, LLC is a corporation headquartered in Pennsylvania that at all relevant times mentioned herein conducted and continues to conduct substantial business in California, and has a registered agent in California.

3. Pilot Air Freight, LLC ("Pilot") is the employer of Plaintiffs as evidenced by the pay and the work performed by Plaintiffs.

4. Pilot provides domestic air and ground freight delivery options for nearly every type of shipment travelling throughout the United State with over 75 locations throughout North America.[1]

5. A.P. Moller-Maersk ("Maersk") is a wide-ranging conglomerate with activities in shipping, terminals, logistics, oil and gas, and other offshore activities spanning more than 130 countries.[2] Maersk is headquartered in Copenhagen, Denmark, and has a registered agent in California. On May 2, 2022, Maersk completed its acquisition of Pilot.[3] Pilot is an entirely owned subsidiary of Maersk.

---

[1] https://pilotdelivers.net/industries/retail/

[2] https://www.maersk.com/about/our-history/explore-our-history

[3] https://www.maersk.com/news/articles/2022/05/02/maersk-completes-acquisition-of-pilot-freight-services

6. Plaintiffs worked for Pilot between 2022 and 2026. During this time, they were classified as independent contractors.

7. Plaintiffs bring this this case as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Pilot in California as delivery drivers and who were classified as independent contractors (the "Class") at any time during the period beginning three (3) years prior to the filing of this Complaint.

## III. JURISDICTION AND VENUE

8. Venue is proper in this Court because Plaintiffs worked for Pilot in Moreno Valey, in this District, and because Pilot and Maersk a) currently maintain and at all relevant times have maintained substantial business in this District and b) committed the wrongful conduct herein alleged in this county against Plaintiffs and members of the Class.

9. The Court has personal jurisdiction over Pilot and Maersk because their conduct in the State of California, and specifically in this District, underlies all claims in this suit.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, since there is diversity between the Parties and since the amount in controversy alleged by each of the Plaintiffs, including unpaid wages, deductions, expenses, and penalties under the California Labor Code, exceeds $75,000.00.

## IV. STATEMENT OF FACTS

11. Pilot, which has regional offices in California and across the United States, specializes in freight delivery services.

12. Plaintiffs, along with at least 40 other similarly situated delivery drivers, made deliveries for Pilot and for Pilot's clients, including Lowe's Home Improvement, in California between 2022 and 2026. Plaintiffs worked out of Pilot's warehouses in Moreno Valley and Valencia, California, as well as Lowe's stores in Highlands, Redwood, Palm Springs, and San Bernardino, California.

13. Plaintiffs often worked 15 hours a day, 7 days a week, while making deliveries for Pilot.

14. Plaintiffs delivered home appliances, grills, and outdoor furniture across Southern California. These goods were delivered to Pilot's warehouse and/or Lowe's stores from other states and countries; Plaintiffs subsequently picked these items up from a warehouse operated by Pilot or from a Lowe's store and delivered them to Pilot's residential customers.

15. Pilot employees directed the route, the location, and the cargo to be delivered by the Plaintiffs.

16. Plaintiffs received a daily manifest either by email or text message that listed their assigned deliveries and delivery times. Plaintiffs were required to make their deliveries within a 2-to-3-hour period assigned by Pilot.

17. Plaintiffs were required to follow Pilot's policies and procedures with regard to their dress and appearance. Pilot directed Plaintiffs to wear only dark colors and not to wear any logos of other companies on their clothing while working for Pilot.

18. Plaintiffs were unable to reject the deliveries assigned to them by Pilot. If the Plaintiffs rejected deliveries or failed to finish deliveries assigned to them by Pilot, Pilot would deduct 1,000 dollars from the wages of the Plaintiffs for each delivery route that was not completed.

19. Customers who received deliveries from the Plaintiffs interacted directly with Pilot and never with the Plaintiffs.

20. Pilot made deductions from the Plaintiffs wages to pay customers when customers complained about the quality or service of the delivery.

21. Pilot paid the Plaintiffs a flat rate per day for their deliveries. This rate was non-negotiable and did not change regardless of how many hours the Plaintiffs worked.

22. Pilot has regularly and routinely required Plaintiffs and Class Members to pay for items including fuel, insurance, and truck maintenance. These expenses totaled hundreds of dollars each week.

23. Pilot routinely made deductions from the wages of Plaintiffs and Class Members without their authorization or consent. Pilot made deductions from Plaintiffs' pay for items including client damage claims, dropped routes, and late deliveries in violation of California law.

24. On at least one occasion, Pilot unilaterally changed the Plaintiffs' pay rate. When the Plaintiffs attempted to negotiate with Pilot, they were ignored.

25. After Pilot was acquired by Maersk, Pilot rebranded as Pilot: A Maersk Company. During this time, Pilot employees began using "Maersk/Pilot Freight Services" in their email signatures.

26. In 2025, new policies regarding working conditions were sent to the Plaintiffs using the Maersk logo and watermark. The Pilot name, logo, and watermark were absent from this announcement.

27. Plaintiffs did not have the ability nor the opportunity to independently service customers. Moreover, because of the long hours they worked for Pilot, Plaintiffs were unable to work for any other employer besides Pilot.

28. Pilot has willfully misclassified the Plaintiffs and class members as described in Cal. Lab. Code §226.8 and §2750.3 et seq., and has engaged in a "pattern or practice" of misclassification as contemplated by the California Labor Code.

29. Plaintiffs were not free from the control and direction of Pilot in connection with the performance of the work, both under the contract for the performance of the work and in fact.

30. Plaintiffs performed work that was not outside the usual course of Pilot's business, which is transportation services.

31. Plaintiffs were not customarily engaged in an independently established trade, occupation or business of the same nature as that involved in the work performed.

32. As a matter of company policy, practice, and procedure, Pilot has unlawfully, unfairly, and/or deceptively classified Plaintiffs and class members as "independent contractors" to avoid compliance with federal and state laws. As a result, the Class and the Plaintiff were underpaid throughout their employment by Pilot.

**FIRST CAUSE OF ACTION**

**Unlawful Deductions**

**[Cal. Lab. Code § 221]**

33. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

34. Cal. Lab. Code §221 states that an employer may lawfully withhold wages only 1) when required or empowered to do so by state or federal law, or 2) when a deduction is expressly authorized in writing by the employee to cover insurance premiums, benefit plan contributions or other deductions not amounting to a rebate on the employee's wages, or 3) when a deduction to cover health, welfare, or pension contributions is expressly authorized by a wage or collective bargaining agreement.

35. Pilot routinely withheld wages or made deductions from the wages of Plaintiffs and Class Members without their authorization or consent. Pilot made deductions from Plaintiffs' pay for items including client damage claims, dropped routes, and late deliveries in violation of California law.

36. Plaintiffs and Class Members are entitled to recover the amounts unlawfully withheld by Pilot from their pay, along with interest, penalties, expenses and costs of suit.

## SECOND CAUSE OF ACTION

**Failure to Reimburse for Business Expenses**

**[Cal. Lab. Code § 2802]**

37. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

38. Cal. Lab. Code § 2802 states, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

39. Pilot has regularly and routinely required Plaintiffs and Class Members to pay for items including fuel, insurance, and truck maintenance. These expenses totaled hundreds of dollars per person. Pilot failed to reimburse Plaintiffs and Class Members for these expenses in violation of Cal. Lab. Code §2802.

40. Plaintiffs and Class Members are entitled to and seek to restore to them the money costs incurred by the unlawful conduct of Pilot. Plaintiffs and Class Members have been damaged in an amount according to proof at trial and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## THIRD CAUSE OF ACTION

**Failure to Provide Required Meal Periods**

**[Cal. Lab. Code § 226.7 & 512]**

41. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

42. Pilot failed to provide all the legally required off-duty meal breaks to Plaintiffs and Class Members as required by the applicable Wage Order and Labor Code.

43. As a result of their rigorous work schedules, Plaintiffs and Class Members were not fully relieved of duty by Pilot for their meal periods. As a result, Plaintiffs and Class Members forfeited meal breaks without additional compensation and in accordance with Pilot's corporate policies and practices.

44. Pilot further violated California Labor Code § 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiffs and Class Members, who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

45. As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at trial and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Provide Required Rest Periods**

**[Cal. Lab. Code § 226.7 & 512]**

46. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

47. Plaintiffs and Class Members were required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, they were denied their first rest period of at least ten (10) minutes for some shifts worked at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours and a first, second, and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. Plaintiffs and Class Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, Plaintiffs and Class Members were denied their proper rest periods by Pilot.

48. Pilot further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiffs and Class Members who were not provided a rest period in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

49. As a proximate result of the aforementioned violations, Plaintiffs and Class Members have been damaged in an amount according to proof at trial and seek all wages earned and due, interest, penalties, expenses, and cost of suit.

**FIFTH CAUSE OF ACTION**

**Failure to Timely Pay All Wages Due**

**[Cal. Lab. Code § 201 and § 203]**

50. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

51. Cal. Lab. Code § 201 states a) if an employer discharges an employee the wages earned and unpaid at the time of discharge are due and payable immediately. Pilot failed to immediately pay Plaintiffs and Class Members all wages due upon the cessation of their employment.

52. Cal. Lab. Code § 203 states that a) if an employer willfully fails to pay, without abatement or reduction in accordance with sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

53. The conduct of Pilot, as set forth above, in willfully failing to timely pay all wages owed upon the cessation of the Plaintiffs' and Class Members' employment constitutes a violation of Cal. Lab. Code §203.

54. Plaintiffs and Class Members are entitled to penalties under Cal. Lab. Code §203, which provides that, if an employer willfully fails to pay an employee

all wages due within 72 hours of their termination, the employee's wages shall continue as a penalty until paid for a period of up to 30 days from the time they were due.

55. Therefore, Plaintiffs and Class Members have been damaged in an amount according to proof at trial and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**SIXTH CAUSE OF ACTION**

**PAGA Penalties - Salvador Ruvalcaba**

**[Cal. Lab. Code § 2698]**

56. Pursuant to California Labor Code §§ 2698 et. seq., also known as PAGA, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of the Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.

57. Plaintiff Salvador Ruvalcaba is an aggrieved employee within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of Pilot pursuant to the procedures specified in California Labor Code § 2699.3, because he was employed by Pilot and is a person against whom one or more of the alleged violations of the Labor Code, specified in the preceding paragraphs of this Complaint, was committed.

58. Pursuant to California Labor Code § 2699.3(a)(1)(A), on July 21, 2025, Plaintiff Ruvalcaba gave written notice by online filing with the LWDA and by certified mail to PILOT of the specific provisions of the California Labor Code and IWC Wage Orders that PILOT allegedly violated along with the facts and

theories supporting the alleged violations. On July 21, 2025, Plaintiff Ruvalcaba sent a PAGA letter by certified mail to Pilot Freight Services and uploaded the letter to the LWDA website. Since it has been more than 65 days, PAGA penalties can be requested.

59. Plaintiff seeks to recover PAGA civil penalties for the above Labor Code violations and are also entitled to reasonable attorneys' fees and costs pursuant to Labor Code § 2699(k)(1).

## SEVENTH CAUSE OF ACTION

**Deceptive and Fraudulent Employment Practices**

**[Cal. Bus. & Prof. Code §§ 17200, *et seq.*]**

60. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

61. Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice. Section 17200 applies to violations of labor laws in the employment context. Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The Court may take such orders or judgements, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition as defined in this chapter or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

62. By the conduct alleged herein, Pilot has engaged and continues to engage in business practices which violate California law, including, but not limited to, the applicable Industrial Wage Orders, the California Labor Code

including Sections 204, 210, 221, 226.7, 226.8. 510, 512, 1194, 1197, 1197.1, 1198, 2750.3, & 2802, and California Code of Regulations § 11090, for which this Court should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof. § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld, business expenses wrongfully withheld, and for the payment of the employer's share of income taxes, social security taxes, unemployment insurance, and workers' compensation insurance.

63. Pilot has obtained valuable property, money, and services from Plaintiffs and the other members of the Class, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of Pilot so as to allow Pilot to unfairly compete. Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not afford adequate and complete relief.

64. All the acts described herein as violations of, among other things, the California Labor Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, were unlawful, were in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, and were likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

65. By the conduct alleged herein, Pilot's practices were deceptive and fraudulent in that Pilot's policy and practice was to represent to the Class that they were not entitled to payment for payroll taxes or mandatory insurance and other benefits are required by California law, when in fact these representations were false and likely to deceive and for which this Court should issue injunctive and equitable relief pursuant to Cal. Bus. & Prof. Code §17203 including restitution of wages wrongfully withheld.

66. By conduct alleged herein, Pilot's practices were also unlawful, unfair, and deceptive in that PILOT'S employment practices caused Plaintiffs and other members of the Class to be underpaid during their employment with Pilot.

67. Plaintiffs and other members of the Class are entitled to, and seek such relief as may be necessary to restore to them the money and property which Pilot has acquired, or of which Plaintiffs and the other members of the Class have been deprived by means of the above described unlawful and unfair business practices including earned but unpaid wages for all overtime worked.

## EIGHTH CAUSE OF ACTION

### For Failure to Provide Accurate and Itemized Wage Statements

### [Cal. Lab. Code § 226]

68. Plaintiffs reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

69. Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing: 1) gross wages earned, 2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, 3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, 4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, 5) net wages earned, 6) the inclusive dates of the period for which the employee is paid, 7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number of an employee identification number other than a social security number may be shown on the itemized statement, 8) the name and address of the legal entity that is the employer, and 9) all applicable

hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

70. Pilot failed to provide the Plaintiffs and Class Members with complete and accurate wage statements. The pay statements provided by Pilot failed to show, among other things, the correct amount of time worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and correct amount of net and/or gross wages earned.

71. Pilot knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to the Plaintiffs and Class Members. These damages include, but are not limited to, costs expended calculating the true amount of time worked, and the amount of employment taxes which were not properly paid to state and federal tax authorities.

These damages are difficult to estimate. Therefore, Plaintiffs and Class Members seek liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial.

**PRAYER FOR RELIEF**

Plaintiffs pray for relief as follows:

a. Damages as appropriate;

b. Restitution pursuant to Cal. Bus. & Prof. Code § 17203;

c. Liquidated damages;

d. All applicable PAGA penalties;

e. Waiting time penalties

f. Statutory penalties pursuant to Cal. Lab. Code § 226;

g. Pre-judgment and post-judgment interest;

h. Attorney's fees and costs;

i. Any other relief to which the Plaintiffs may be entitled; and

j. A trial by jury.

Dated: January 23, 2026

Respectfully submitted,

*/s/ Hoda Katebi*

HODA KATEBI (SBN# 352676)
HAROLD LICHTEN (*pro hac vice*)
OLENA SAVYTSKA (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hkatebi@llrlaw.com
hlichten@llrlaw.com
osavytska@llrlaw.com

Attorneys for Plaintiffs